# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Transamerica Premier Life Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:16-cv-02533-JMC |
| vs. | ) ) ) | |
| Mary Carroll, Hannah Sherlock, and Johnny Sherlock, | ) ) ) | **ORDER FOR DEFAULT JUDGMENT AS TO ALL DEFENDANTS** |
| Defendants. | ) ) ) | |

This matter is before the court on the Plaintiff Transamerica Premier Life Insurance Company's ("Plaintiff") motion for default judgment against Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock. For the reasons set forth below, the court **GRANTS** Plaintiff's motion.

I.   Introduction

Plaintiff filed this declaratory judgment action on July 13, 2016, seeking a declaration by the court that a life insurance policy on the life of Rose Ann Sherlock ("the Policy") is null and void and of no force and effect. Plaintiff further requests that the court declare that Plaintiff has no obligation to pay the death benefit under the Policy and that it be allowed to retain the premiums paid on the Policy.

   A.   Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. Additionally, this action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-

2202, and Federal Rule of Civil Procedure 57.

      B. <u>Process and Service on Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock</u>

The Complaint was served on Defendant Mary Carroll by delivering a Summons and Complaint to her residence at 115 Ceferino Drive, North Augusta, South Carolina, 29860, on July 18, 2016. Defendant Mary Carroll accepted service. (ECF No. 9-1.)

Process was also served on Defendant Hannah Sherlock by delivering the Summons and Complaint to her personally at her residence at 1352 Shannon Drive, North Augusta, South Carolina 29860, on July 18, 2016. (ECF No. 10-1.)

Defendant Johnny Sherlock received service of process by delivery of a Summons and Complaint to his residence at 1115 Edgefield Road, North Augusta, South Carolina, 29860, on August 11, 2016. The wife of Defendant Johnny Sherlock, Ms. Catherine Sherlock, accepted service. (ECF No. 16-1.) Service on Defendant Johnny Sherlock was also attempted by certified mail, restricted delivery, return receipt requested on August 5, 2016 (ECF No. 16-2), and by FedEx on August 12, 2016. (ECF No. 16-3.) The Court finds that service on August 11, 2016 is sufficient and that, counting from that date, Defendant Johnny Sherlock is in default.

      C. Dismissal of Remaining Defendants

On September 16, 2016, Plaintiff voluntarily dismissed Defendants The Estate of Rose Ann Sherlock, Tommy G. Riley, and Lisa Sherlock from this matter pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF No. 21.) The Plaintiff determined that the presence of these Defendants is no longer necessary.

      D. <u>Grounds for Entry of Default</u>

Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock have not timely filed an answer or other pleading, as reflected in the Affidavits of Default filed on August 11, 2016, and

September 7, 2016. (ECF Nos. 9, 10, 17.) The Clerk of Court properly entered default as to Defendants Mary Carroll and Hannah Sherlock on August 11, 2016, (ECF Nos. 12, 13) and Defendant Johnny Sherlock on September 7, 2016 (ECF No. 18).

II. Findings of Fact

When a defendant is in default for failure to respond to the complaint, the court should accept the facts pled in the complaint. *See* Fed. R. Civ. P. 8(b)(6); *see also DIRECT TV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2009). "A defendant in default concedes the factual allegations of the complaint." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Acceptance of Service Forms, Requests for Entry of Default, Motion for Entry of Default Judgment, as well as all supporting and supplemental information provided, the court makes the following factual findings.

Plaintiff through its predecessor, issued a Policy on the life of Rose Ann Sherlock.[1] The Policy lapsed for nonpayment of premiums on November 7, 2009. Defendant Hannah Sherlock, who claimed to be the Policy owner at that time, was informed of the lapse. Thereafter, Plaintiff received a reinstatement form purportedly bearing the signatures of Rose Ann Sherlock and Defendant Hannah Sherlock, dated February 9, 2010. The facts alleged in the Complaint establish that the attempt to reinstate the policy was made without the participation or knowledge of the insured Rose Ann Sherlock. Because that information was not known to Plaintiff at the time, the Policy was reinstated in its records, but it was ineffective because the reinstatement requirements under the Policy were not satisfied, particularly that the insured know and consent to the

---

[1] The Complaint contains a detailed recitation of the facts.

reinstatement; nor did the individuals attempting to reinstate the Policy have an insurable interest in the life of Rose Ann Sherlock.

Subsequently, Plaintiff states that Defendant Hannah Sherlock mailed a change of beneficiary form dated April 15, 2014 to Plaintiff indicating that the beneficiaries of the Policy should be changed to Defendants Hannah Sherlock and Johnny Sherlock. By letter dated January 6, 2016, Plaintiff informed Defendant Hannah Sherlock that the premiums for the Policy would increase from $860.60 per quarter to $8,433.10 per quarter because the 10 years of level premiums guaranteed under the Policy were complete. The effective date of this premium change was on March 7, 2016.

Rose Ann Sherlock died on February 2, 2016. Shortly thereafter, Plaintiff received claim forms from Defendants Hannah Sherlock and Johnny Sherlock claiming benefits under the Policy and asserting that they were her cousin and nephew, respectively. On or about March 28, 2016, Plaintiff received a fax communication from Mary Sherlock indicating that the Policy had been procured by fraud, that Rose Ann Sherlock had not given Defendant Hannah Sherlock permission to procure the Policy, that Rose Ann Sherlock was unaware of the Policy, and that Hannah Sherlock was not related to Rose Ann Sherlock. Plaintiff has not paid any death benefits under this Policy and brought this action for declaratory judgment seeking a declaration that the Policy is null and void and of no force and effect.

III.     Conclusions of Law

The Complaint in the present case sufficiently pleads that the Policy lapsed for nonpayment of premiums in November 2009, that the individuals seeking to reinstate the Policy lacked an insurable interest in the life of Rose Ann Sherlock, and that the Policy requirement that the insured

provide medical and personal history information and consent to the reinstatement of the Policy were not met. Therefore, the Policy lapsed and the attempt to reinstate it is ineffective.

Because Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock are in default, they are deemed to have admitted the allegations contained in Plaintiff's Complaint. Those allegations include the fact that Defendants Hannah Sherlock and Johnny Sherlock had no insurable interest in Rose Ann Sherlock, that the Policy lapsed for nonpayment of premiums, and that Rose Ann Sherlock was not aware of nor did she authorize reinstatement of the Policy insuring her life. The court finds that it is appropriate to enter judgment against Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock and in favor of Plaintiff declaring that the Policy is null and void and without force and effect.

Accordingly, judgment is entered in favor of Plaintiff Transamerica Premier Life Insurance Company against Defendants Mary Carroll, Hannah Sherlock, and Johnny Sherlock, declaring that the Policy is null and void and of no force and effect and that Plaintiff has no obligation to pay the death benefit under the Policy nor any other obligation under the Policy, and that Plaintiff is entitled to retain all amounts paid as premiums for the Policy.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

_____

Columbia, South Carolina  
May 12, 2017

J. Michelle Childs  
United States District Court